**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3489-17T4

ETHEL OKAFOR,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

Submitted December 10, 2018 – Decided December 19, 2018

Before Judges Fasciale and Rose.

On appeal from the New Jersey State Parole Board.

Ethel Okafor, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Ethel Okafor appeals from the October 25, 2017 final agency decision of the New Jersey State Parole Board (Board) denying his parole and imposing a twenty-month future eligibility term (FET). We affirm.

On October 19, 2015, Okafor pled guilty to one count of second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(a)(2). On December 11, 2015, the trial court sentenced Okafor to a five-year prison term. On August 15, 2016, Okafor was released on parole, but was arrested within eight days of his release and returned to custody. Thereafter, Okafor's parole was revoked. Okafor did not administratively appeal that decision.

On August 28, 2017, Okafor became eligible for parole for the first time since he was returned to custody. On July 7, 2017, a two-member panel (panel) of the Board denied parole for several reasons. Among other things, the panel noted: Okafor's prior offense record; he committed an offense while on probation; he was afforded an opportunity on parole but was violated; his prior incarceration did not deter his criminal behavior; his last institutional infraction was committed on October 25, 2016; and he has insufficient problem resolution. In particular, the panel determined Okafor lacks insight into his criminal

behavior, minimizes his conduct, and "does not appear to want to do what he needs in order to successfully complete parole."

The panel also considered mitigating factors, including: Okafor's participation in institutional programs; his favorable institutional adjustment; and that he attempted to enroll and participate in programs in prison, but was not accepted. The panel determined a twenty-month FET was warranted.[1]

Okafor filed an appeal with the full Board. On October 25, 2017, the Board upheld the panel's recommendation to deny parole, finding there was a reasonable expectation that Okafor would violate the conditions of parole if he were released. This appeal followed.

On appeal, Okafor presents the following arguments for our consideration:

> POINT ONE
>
> [OKAFOR]'S MOTION FOR SUMMARY DISPOSITION SHOULD BE GRANTED BECAUSE (1) [OKAFOR] HAS A DOCUMENTED CLAIM OF INNOCENCE THAT HE DID NOT VIOLATE A CONDITION OF PAROLE; AND (2) THE BOARD HAD RIGIDLY APPLIED A PROCEDURAL LIMITATION CREATING A FUNDAMENTAL INJUSTICE.

---

[1] Twenty months was the presumptive FET for Okafor's conviction because he was serving a sentence for a violation of a narcotics law. N.J.A.C. 10A:71-3.21(a)(3).

We must accord considerable deference to the Board and its expertise in parole matters. Our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "'Parole Board decisions are highly individualized discretionary appraisals,' and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citation omitted) (quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (Trantino VI), modified, 167 N.J. 619 (2001)). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 179 (citing Trantino VI, 166 N.J. at 172). In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citation omitted). Accordingly, "The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

Having reviewed the record in light of these well-accepted standards, including the materials in the confidential appendix, we conclude that Okafor's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). There is abundant support in the record for a

4                                                                      A-3489-17T4

conclusion that there is "a reasonable expectation that [Okafor] will violate conditions of parole . . . if released on parole at that time." N.J.S.A. 30:4-123.53(a); see R. 2:11-3(e)(1)(D). Therefore, we discern no basis for disturbing the Board's decision to deny parole. We are likewise satisfied that the presumptive twenty-month FET imposed by the Board is supported by the record and is neither arbitrary nor capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3489-17T4